JOSEPH W. WEEKS, Esq.(Georgia Bar # 912341)
MCNALLY WEEKS
125 Clairemont Ave., Ste. 450
Decatur, GA 30030
Phone: 404-373-3131
Facsimile: 404-373-7286
Email: jweeks@mcnallyweeks.com

YASHA RAHIMZADEH, ESQ. (SB # 230487)
Law Offices of Yasha Rahimzadeh
500 Capitol Mall, Suite 2350
Sacramento, California 95814
Telephone: (916) 337-8066
Email: yrlaw@attorneynorcal.com

Attorneys for Plaintiff,
CHANTAE R. YOUNG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CHANTAE R. YOUNG,<br><br>　　　　　Plaintiff,<br>　v.<br>DAVID DWIGHT DANIELS,<br><br>　　　　　Defendants.<br>_____/ | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. Violation of 15 U.S.C. §6851;<br>2. Temporary Restraining Order; and<br>3. Permanent Injunction<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff CHANTAE R. YOUNG brings this Complaint against Defendant DAVID DWIGHT DANIELS.

## I.

## PARTIES

　　　　1.　　Plaintiff CHANTAE R. YOUNG (hereinafter "Plaintiff") is a resident of the State of California, Contra Costa County.

2. Plaintiff is informed and believes that Defendant DAVID DWIGHT DANIELS (hereinafter "Defendant") is a resident of the State of California, Alameda County, residing at 249 Valle Vista Avenue, Hayward, California 94544.

## II.
## JURISDICTION AND VENUE

3. Jurisdiction over Defendant is proper pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C.§ 1391.

## III.
## STATEMENT OF FACTS

5. On a single occasion in 2019, Plaintiff had a sexual encounter with Defendant.

6. Plaintiff and Defendant Daniels were never in a dating or marital relationship.

7. During Plaintiff's sexual encounter with Defendant, Defendant secretly recorded a video of said encounter. Such video contains intimate visual depictions of Plaintiff.

8. Plaintiff was not aware that she was being recorded and did not consent to this recording.

9. On or about May of 2023, Defendant disclosed the video containing intimate visual depictions of Plaintiff by uploading the video file of their sexual encounter to a pornographic website. As of the date of this Complaint, said video has been viewed at least 53,838 times.

10. Plaintiff did not consent to this disclosure.

11. In the alternative, Defendant acted with reckless disregard as to whether Plaintiff had consented to such disclosure.

12. Defendant used a means or facility of interstate or foreign commerce to disclose the intimate visual images of Plaintiff when he used the internet and cellular networks to disclose photos and/or videos which contained intimate visual depictions of Plaintiff.

## IV.

## FIRST CAUSE OF ACTION

## Civil Action Relating to Disclosure of Intimate Images

## (15 U.S.C. § 6851)

13. Plaintiff incorporates herein by reference as though fully set forth herein the allegations of Paragraphs 1-12 inclusive.

14. On or about May of 2023, Defendant disclosed the video which contained intimate visual depictions of Plaintiff via upload to a pornographic website.

15. Defendant used a means or facility of interstate or foreign commerce to disclose the intimate visual depictions of Plaintiff when Defendant used the internet and cellular networks to disclose the video which contained intimate visual depictions of Plaintiff.

16. Plaintiff did not consent to Defendant's disclosure.

17. In the alternative, Defendant acted with reckless disregard as to whether Plaintiff had consented to such disclosure.

18. Plaintiff has suffered damages as a result.

19. Plaintiff is entitled to liquidated damages in the amount of $150,000.00 against Defendant for Defendant's disclosure, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 15 U.S.C. § 6851(b)(3)(I).

## V.

## REMEDIAL ALLEGATIONS

## (Request for Temporary Restraining Order and Preliminary Injunction)

20. Plaintiff incorporates herein by reference as though fully set forth herein the allegations of Paragraphs 1-19 inclusive.

21. The presence of the video, which contained intimate visual depictions of Plaintiff, on a pornographic website continues to cause Plaintiff extreme emotional distress, embarrassment, humiliation, and harm to her reputation.

22. Plaintiff is also entitled to equitable relief, including a permanent injunction ordering Defendant to cease all display and/or disclosure of the visual depiction, pursuant to 15 U.S.C. § 6851(b)(3)(ii).

23. Remedies at law are inadequate because no damage remedy could compensate Plaintiff for the extreme emotional distress, embarrassment, humiliation, and harm to her reputation which has been caused by the presence of the video on a pornographic website.

24. Defendant will suffer no harm if he is required to remove the video from the pornographic website until the rights of the parties are adjudicated.

25. Plaintiff will suffer irreparable and permanent harm if the video is not immediately removed from the pornographic website.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant and for the following relief:

1. Finding Defendant liable under 15 U.S.C. § 6851;
2. Awarding Plaintiff liquidated damages in the amount of $150,000 against Defendant, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to *15 U.S.C. § 6851(b)(3)(I)*;
3. Granting a Temporary Restraining Order against Defendant pursuant to *15 U.S.C. § 6851(b)(3)(ii)*;
4. Granting a Permanent Restraining Order against Defendant pursuant to *15 U.S.C. § 6851(b)(3)(ii); and*
D. Awarding such other and further available relief and any other relief the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: 1/3/2025                    **MCNALLY WEEKS**

By: /s/
**JOSEPH W. WEEKS**
Attorneys for Plaintiff,
CHANTAE R. YOUNG

Dated: 1/3/2025                    **LAW OFFICES OF YASHA RAHIMZADEH**

By: /YR/
**YASHA RAHIMZADEH**
Attorneys for Plaintiff,
CHANTAE R. YOUNG